## PEERLESS SERUM CO. v. UNITED STATES.

### No. 8257.

United States District Court.
W. D. Missouri, W. D.

July 21, 1953.

Dietrich, Tyler & Davis, Edwin Earnshaw, Kansas City, Mo., for plaintiff.

Edward L. Scheufler, U. S. Atty., Kansas City, Mo., and Paul R. Shy, Asst. U. S. Atty., Chillicothe, Mo., for defendant.

REEVES, Chief Judge.

This is another of the numerous so-called "flood cases" growing out of the Kaw River flood which reached its crest on July 13, 1951. The government has filed its usual motion for judgment on the pleadings, and counsel for the plaintiff have replied with brief wherein it is alleged that the averments of the complaint are different from those heretofore decided by the court.

An examination of the complaint and the authorities does not disclose such distinction.

The plaintiff cites Costley v. United States, 5 Cir., 181 F.2d 723 and other hospital cases. In these cases it became the duty of the government to accept military personnel when the facilities of the hospital were available and then, of course, after such acceptance, it became the duty of the authorities to exercise care in the treatment of patients.

In like manner, counsel have cited the case of Somerset Seafood Co. v. United States, 4 Cir., 193 F.2d 631, 635. That was a so-called "Wreck case" under what is termed the "Wreck Acts." 33 U.S.C.A. §§ 409, 736; 14 U.S.C.A. § 86. The Court of Appeals for the 4th Circuit, in construing that Act used the following apt and pertinent language:

> "As we read the Wreck Acts, the duty of the United States to mark or remove the wreck is mandatory."

The court thus ruled because of the contention that it was discretionary.

It is but necessary to read the Flood Control Acts to obtain the proper inference that it was not the function of the government under all circumstances to furnish flood warnings to the public. Moreover, it must be repeated that, perforce the provisions of section 702c, Title 33 U.S.C.A. the government specifically exempted itself from liability as follows:

> "No liability of any kind shall attach to or rest upon the United States for any damage from or by floods or flood waters at any place".

This cannot be limited, as claimed by astute counsel, to the lower Mississippi River projects. By section 701-1 of the Act,

Title 33 U.S.C.A., the policy of the Congress is declared as follows:

"* * * it is declared to be the policy of the Congress to recognize the interests and rights of the States in determining the development of the watersheds within their borders and likewise their interests and rights in water utilization and control, as herein authorized to preserve and protect to the fullest possible extent established and potential uses, for all purposes, of the waters of the Nation's rivers; to facilitate the consideration of projects on a basis of comprehensive and co-ordinated development; and to limit the authorization and construction of navigation works to those in which a substantial benefit to navigation will be realized therefrom and which can be operated consistently with appropriate and economic use of the waters of such rivers by other users."

Moreover, it is clear that the Congress definitely exempted itself from liability in connection with navigation and navigable waters of the United States. It follows that the motion of the government should be sustained, And It Is So Ordered.

However, since it has been agreed uniformly in similar cases that like cases should pend awaiting a decision of the Appellate Courts in kindred litigation, It Is Therefore Ordered that this case be held until a final decision in other cases from which appeals have been taken.