**Herbert F. PARKS, d/b/a Parks Manufacturing Co., Plaintiff-Appellant,**

v.

**The UNITED STATES of America, Defendant-Appellee.**

**No. 247, Docket 30834.**

United States Court of Appeals
Second Circuit.

Argued Dec. 7, 1966.

Decided Dec. 20, 1966.

Daniel S. Cohen, Utica, N. Y. (Irving M. Basloe, Herkimer, on the brief), for plaintiff-appellant.

Kathryn H. Baldwin, Dept. of Justice, Washington, D. C. (Barefoot Sanders, Asst. Atty. Gen., Morton Hollander, Dept. of Justice, Washington, D. C., and Justin J. Mahoney, U. S. Atty., Northern Dist. of New York, Albany, N. Y., on the brief), for defendant-appellee.

Before LUMBARD, Chief Judge, and HAYS and FEINBERG, Circuit Judges.

PER CURIAM:

The appellant Parks contends that Judge Brennan, in the Northern District of New York, erred in dismissing his complaint, which alleged that negligence in the United States Government's construction, maintenance and operation of the Herkimer Flood Control Project resulted in flood damage to his property, on the ground that the United States was immune from liability under the provisions of the Flood Control Act, 33 U.S.C. § 702c.[1] Appellant argues that the scope of immunity provided by § 702c is limited to floods which are natural in origin as opposed to those which are man-made, and further, that § 702c was modified or repealed by implication by the subsequent passage of the Federal Tort Claims Act, 28 U.S.C. § 2680, which specifies that the United States is immune from liability for acts committed at the discretionary level, but does not include governmental immunity for those acts committed at the operational level.

■■ In view of the broad language of § 702c, see note 1 supra, and the decisions of other courts of appeals which have carefully considered and rejected the precise arguments made on this appeal, see National Mfg. Co. v. United States, 210 F.2d 263, 270–271, 274 (8 Cir.), cert. denied, 347 U.S. 967, 74 S.Ct. 778, 98 L.Ed. 1108 (1954); also Stover v. United States, 332 F.2d 204, 206 (9 Cir.), cert. denied, 379 U.S. 922, 85 S.Ct. 276, 13 L.Ed.2d 335 (1964), we reject appellant's arguments and affirm the order below. The recent decision in Peterson v. United States, 367 F.2d 271, 275 (9 Cir. 1966) is distinguishable on its facts since in that case flood damage was caused by Air Force personnel pursuant to instructions of engineering officers at the local base and "was wholly unrelated to any Act of Congress authorizing expenditures of federal funds for flood control".

Affirmed.

1. 33 U.S.C. § 702c reads in part: "No liability of any kind shall attach to or rest upon the United States for any damage from or by floods or flood waters at any place: * * *."