Janelle A. PONDERENDOLPH, Adminis-
tratrix of the Estate of Joseph M. Pon-
derendolph, Jr., Deceased, Plaintiff,

v.

DERRY TOWNSHIP, Defendant and
Third-Party Plaintiff,

v.

Roy TRESSLER and United States of
America et al., Third-Party
Defendants.

Civ. A. No. 68-1352.

United States District Court,
W. D. Pennsylvania.

Sept. 3, 1971.

Ned J. Nakles, Latrobe, Pa., Paul Moses, Pittsburgh, Pa., for plaintiff.

Richard L. Thornburgh, U. S. Atty., Jay C. Waldman, Asst. U. S. Atty., for the United States.

Tressler and Rellick, Pittsburgh, Pa., Kunkel, Walthour & Garland, Avra N. Pershing, Jr., Greensburg, Pa., Paul Mahady, Latrobe, Pa., for defendants.

OPINION

ROSENBERG, District Judge.

Presently before me for consideration is the motion of the third-party defendants, Roy Tressler, Joseph Rellick and the United States of America, to dismiss or in the alternative for judgment on the pleadings. This suit was originally commenced in the Court of Common Pleas of Westmoreland County, Pennsylvania, at No. 612 October Term,

1967. The defendant Derry Township then filed a third-party complaint against the United States, Roy Tressler and Joseph Rellick who petitioned the Court to remove the case pursuant to 28 U.S.C. § 1442. The prayer for removal was granted accordingly.

From the record, it appears that on or about March 11, 1967, the plaintiff and her husband were traveling in an eastwardly direction on Route 881 in Derry Township, Westmoreland County; that as they completed traversing the Craig's Mill Bridge over the Loyalhanna Creek, their automobile encountered rushing water; that this water forced their automobile from the highway into a roadside gully which was completely flooded; that the plaintiff managed to escape from the submerged vehicle but her husband drowned. The bridge and its approaches are owned and maintained by Westmoreland County, but Derry Township also provides maintenance.

The Loyalhanna Flood Control Dam is located 11 miles from the Craig's Mill Bridge, and is operated for the United States by the Army Corps of Engineers. Its purpose and function is to control and prevent downstream flooding, by regulating the height of the water through operation of the dam's flood control gates. Due to a heavy rain which preceded the events in question, the gates of the dam had been partially closed resulting in the backing up of the water to avoid serious downstream flooding.

The individual third-party defendants, Rellick and Tressler, were employees of the Corps of Engineers at the time in question and were in charge and control of the operation of the flood gates at the dam, within the scope of their employ for the United States. The motion of the third-party defendant, the United States, Rellick and Tressler is based upon the grounds that the United States

and its agents are immune from suits resulting from injuries sustained as a result of the Government's flood control operations and cites for support the Flood Control Act of 1928, 33 U.S.C. § 701 et seq. This statute was initially enacted by Congress to prevent flooding of the Mississippi River. However, the Statute has been held to be applicable to other waterways within the United States. National Mfg. Co. v. United States, 210 F.2d 263, C.A.8, 1954, cert. den. 347 U.S. 967, 74 S.Ct. 778, 98 L.Ed. 1108 (1954); Stover v. United States, 204 F.Supp. 477 (N.D.Cal.1962), affirmed 332 F.2d 204, C.A.9, 1964, cert. den. 379 U.S. 922, 85 S.Ct. 276, 13 L.Ed.2d 335 (1964); Peerless Serum Co. v. United States, 114 F.Supp. 662 (W.D.Mo. 1953); Clark v. United States, 109 F. Supp. 213 (D.C.Or.1952), affirmed 218 F.2d 446, C.A.9, 1954.

Thus, we have a case relating to the sovereign itself, which from early times was immune from any action or claim by an individual, except where the sovereign expressly consented to entertain such suit. The United States has evidently consented to many forms of actions and claims against it, by virtue of the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. which broadly consented to persons instituting actions against the United States Government as though it was an individual.[1] But this consent to be sued is not absolute and irrevocable, and the Government may as of any time withdraw or limit its consent in whole or in part.

In support of their motion, the movants now rely on the Flood Control Act, and in particular to the immunity provided in § 3 thereof, 33 U.S.C. § 702c which provides "No liability of any kind shall attach to or rest upon the United States for any damage from or by floods or flood waters at any place * * *." Rule 12(b) (1) and 12(b) (6)

---

1. After the defendant amended its third-party complaint to state a claim cognizable under the Federal Tort Claims Act, the Honorable Gerald J. Weber of this Court, denied the United States' Motion to Dismiss, and also denied a Motion to Dismiss and in the Alternative for Summary Judgment presented by Roy Tressler and Joseph Rellick.

upon which this motion is brought states that "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter * * * (6) failure to state a claim upon which relief can be granted * * *."

■■ Dismissal of an action is proper where a plaintiff fails to state a claim upon which relief can be granted because of the defendant's immunity from suit. Kauffman v. Moss, 420 F.2d 1270, C.A.3, 1970, cert. den. 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970); Bauers v. Heisel, 361 F.2d 581, C.A.3, 1966, cert. den. 386 U.S. 1021, 87 S.Ct. 1367, 18 L.Ed.2d 457 (1967). See also, Tenney v. Brandhove, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951). It has been held that the Federal Tort Claims Act does not in any way modify or repeal the provisions of the Flood Control Act. Parks v. United States, 370 F.2d 92, C.A.2, 1966; Stover v. United States, 332 F.2d 204, C.A.9, 1964, cert. den. 379 U.S. 922, 85 S.Ct. 276, 13 L.Ed.2d 335 (1964); National Mfg. Co. v. United States, supra.

■ Thus, the determination to be made here is one of law. Where Congress has not consented to entertain suit against the United States, the intent of the legislature must be followed. In construing § 702c, the Court in National Mfg. Co., supra, 210 F.2d at page 271 stated:

"The language used shows Congressional anticipation that it will be claimed after the happening of floods that negligence of government employees was a proximate cause of damages where floods or flood waters have destroyed or damaged goods. But the section prohibits government liability of 'any kind' and at 'any place'. So that uniformly and throughout the country at any place where there is damage 'from' or 'by' a flood or flood waters in spite of and notwithstanding federal flood control works no liability of any kind may attach to or rest upon the United States therefor."

Suits against the United States to recover for flood damages have been rejected by the courts. Parks v. United States, supra; Stover v. United States, supra. See also, United States v. Sponenbarger, 308 U.S. 256, 60 S.Ct. 225, 84 L.Ed. 230 (1939).

The third-party plaintiff offers several cases in opposition to the motion, but none of these cases are applicable to the circumstances here. Dye v. United States, 210 F.2d 123, C.A.6, 1954 was a suit brought under the Federal Tort Claims Act alleging that through negligence, the agents of the United States had permitted the wickets of a dam on the Ohio River to be open, causing violent currents to capsize the boat in which the plaintiff's decedent was. traveling. The suit did not involve flooding conditions and § 702c of the Flood Control Act was not there considered.

The third-party plaintiff also places reliance on Stover v. United States, supra. In Stover, the District Court held that the Flood Control Act does not apply to "man-made floods". However, the Court concluded that the flood in question resulted from severe and unusual climatic conditions and that therefore, the United States was not liable for the resulting injuries. While the Court of Appeals for the Ninth Circuit affirmed the ultimate determination of the District Court, it rejected the holding that liability would attach to "man-made floods" and concluded that " * * * there really would not be any reason to legislate on damage caused purely by nature." 332 F.2d at 206.

In Peterson v. United States, 367 F.2d 271, C.A.9, 1966 the Court held that where air force engineers dynamited an ice jam in a river, the ice was not part of a "flood" as contemplated by the Flood Control Act, and therefore the immunity conferred by § 702c was not applicable.

In Atkinson Co. v. Merritt, Chapman & Scott Corp., 126 F.Supp. 406 (N.D.Cal.

1954) the Court refused to grant summary judgment on the grounds that a material issue of fact existed as to whether the damages had been caused by "flood or flood waters". But in the present case summary judgment is not sought, nor does a material factual matter appear to be in dispute. Therefore, the cases upon which the third-party plaintiff relies are inapplicable.

▪ Accordingly, the absolute immunity from suit for injuries arising due to operation of flood control projects provided for in § 702c bars suit against the United States or its agents acting within the scope of their employ. For this reason the motion of the third-party defendants, the United States, Roy Tressler and Joseph Rellick for dismissal will be granted.

In view of the dismissal of these third-party defendants, there no longer exists a basis for the exercise of federal jurisdiction, and this case will be remanded, pursuant to 28 U.S.C. § 1447, to the Court of Common Pleas of Westmoreland County, where it was originally filed.