**E. A. LEDFORD, Jr., et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. CIV–76–0915–T.**

United States District Court, W. D. Oklahoma.

Feb. 28, 1977.

John W. Norman of Lampkin, Wolfe, Burger, McCaffrey & Norman, Oklahoma City, Okl., for plaintiffs.

David L. Russell, U. S. Atty., and John E. Green, First Asst. U. S. Atty., Oklahoma City, Okl., for defendant.

ORDER

RALPH G. THOMPSON, District Judge.

The above entitled cause comes before the Court upon defendant's Motion to Dismiss. The plaintiffs have brought this cause of action for damages to their growing crops, a fence, and a levy, that allegedly resulted from the negligence of the defendant and its servants, agents, and employees. Plaintiffs allege that said damages resulted from defendant's failure to take precautions against flooding in the construction work related to the Waurika Dam and Res-

ervoir Project. In a letter from the Department of the Army which is attached as an exhibit to plaintiffs' complaint and incorporated therein wherein the Department of the Army denied plaintiffs' claim, it is stated that the Waurika project was authorized for construction by Public Law 253, 88th Congress, 1st Session 1963, 77 Stat. 840, for flood control and other purposes. Even though plaintiffs have failed to include in their complaint a statement of the grounds upon which the Court's jurisdiction depends, it is apparent that plaintiffs assert jurisdiction pursuant to 28 U.S.C. § 1346 and 28 U.S.C. §§ 2671–2680 (Federal Tort Claims Act).

Defendant moves to dismiss plaintiffs' cause of action upon the grounds that the complaint involves a discretionary function which excludes the defendant from liability pursuant to 28 U.S.C. § 2680(a)[1] and that defendant is immune from liability for the flooding pursuant to 33 U.S.C. § 702c[2]. Plaintiffs respond to the first ground by asserting that the negligent conduct complained of is within the "operational" function realm of the Federal Tort Claims Act rather than the "discretionary" function and that in any event, the Motion to Dismiss is premature because it cannot be conclusively determined from the pleadings whether the conduct involved constitutes discretionary or operational functions. Plaintiffs further assert that the Immunity Act (33 U.S.C. § 702c) does not immunize the defendant from liability for all floods and that this flood is one which is excepted from the Immunity Act.

The Court concludes that the Immunity Act does bar liability for this cause of action, and therefore, the Court will not determine the issue of whether the conduct involved constitutes discretionary or operational functions.

The Federal Tort Claims Act does not in any way modify or repeal the Immunity Act. *National Mfg. Co. v. United States*, 210 F.2d 263 (8th Cir.), cert. denied 347 U.S. 967, 74 S.Ct. 778, 98 L.Ed. 1108 (1954); *Ponderendolph v. Derry Township*, 330 F.Supp. 1346 (W.D.Pa.1971). Thus, the Immunity Act insulates the government from liability for flooding when negligence in regard to flood control projects is alleged. The Court in *National Mfg. Co.*, supra, at page 271 stated:

"The language used shows Congressional anticipation that it will be claimed after the happening of floods that negligence of government employees was a proximate cause of damages where floods or flood waters have destroyed or damaged goods. But the section prohibits government liability of 'any kind' and at 'any place'. So that uniformly and throughout the country at any place where there is damage 'from' or 'by' a flood or flood waters in spite of and notwithstanding federal flood control works no liability of any kind may attach to or rest upon the United States therefor."

*Accord, Stover v. United States*, 332 F.2d 204 (9th Cir.), cert. denied 379 U.S. 922, 85 S.Ct. 276, 13 L.Ed.2d 335 (1964).

Plaintiffs cite several cases in opposition to the motion, but none of these cases is applicable to the circumstances here. Plaintiffs cite *Graci v. United States*, 456 F.2d 20 (5th Cir. 1971); *Peterson v. United States*, 367 F.2d 271 (9th Cir. 1966); and *Valley Cattle Co. v. United States*, 258 F.Supp. 12 (D.Hawaii, 1966). However, all of these cases have been distinguished by other courts as not involving flood control

---

1. 28 U.S.C. § 2680

"The provisions of this chapter and section 1346(b) of this title shall not apply to—
(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty

on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

2. 33 U.S.C. § 702c

\* \* \* \* \* \*

"No liability of any kind shall attach to or rest upon the United States for any damage from or by floods or flood waters at any place: . . . ."

projects within the contemplation of section 702c. See *Florida East Coast Railway Co. v. United States,* 519 F.2d 1184 (5th Cir. 1975); *Parks v. United States,* 370 F.2d 92 (2nd Cir. 1966); *Ponderendolph v. Derry Township,* supra.

Accordingly, it is the order of the Court that defendant's Motion to Dismiss be sustained, and plaintiffs' complaint is hereby dismissed.