Pat **BURLISON**, Mitchell Smith, Joy Deck, Bobby Deck, Bertha Droke, H. W. Droke, Bette Droke, E. H. Felker, Bonnie Felker, Tom Felker, Ruby Merrick, David Don Pierce, Ronnie Hamlett, Clifford Hearing, Milva Keating, E. J. Langdon, Fannie Langdon, Joe Langdon, Jimmie O. Lea, Sr., H. A. Lea, Jr., Jack Lee, Jane Mitchell, Beulah Moore, Max R. Moore, Lorraine Smoak, James A. Jones, Leslie Kinchen, Marion E. Tucker, Bill Tucker, Larry Vance, Sammy Davis, Harold Scott, Glenda Scott, Ulous Vance, Luedell Vance, Imagene Young and Bob Hart, Appellants,

v.

**UNITED STATES of America, Appellee.**

No. 79–2023.

United States Court of Appeals,
Eighth Circuit.

Submitted April 18, 1980.

Decided July 11, 1980.

James R. Reynolds, Ford, Ford, Crow & Reynolds, Kennett, Mo., for appellants; David Ford, Kennett, Mo., on brief.

Anne T. Shapleigh, Asst. U. S. Atty. (argued), St. Louis, Mo., and Robert D. Kingsland, U. S. Atty., St. Louis, Mo., on brief, for appellee.

Before HEANEY and ARNOLD, Circuit Judges, and WRIGHT,* District Judge.

HEANEY, Circuit Judge.

Plaintiffs-appellants appeal from the dismissal of their cause of action brought against the United States for negligently causing water to flood their property. The district court dismissed the claim with prejudice under Fed.R.Civ.P. 12(b).

Appellants are thirty-eight owners and/or tenants of land located in Dunklin County, Missouri. In their original complaint, the appellants alleged the following:

That the Defendant, acting by and through Department of Army, Corps of Engineers, its contractors, agents and employees, in the vicinity of Big Lake area (dealing also with Little River Drainage District/Big Lake Drainage District Floodway, and Treasure Island and in vicinity along Ditch No. 81 of Little River Drainage District) enacted certain "control structures" and "access road" to same, as well as failed to place in operation the pumping plant on Treasure Island or to keep gates over or clear of drifts, which dammed the natural flow of water, or alternatively said damming was the specific cause of water backing up in great amount, or alternatively, in so doing created a "man-made flood," thereby causing damage to the land and productivity or crops thereon belonging to this Plaintiff, as hereinafter set forth.

The appellees answered and filed a motion to dismiss, contending that the United States is entitled to absolute immunity from suit pursuant to (1) 33 U.S.C. § 702c (no liability for damage from or by flood waters) or (2) 28 U.S.C. § 2680(a) ("discretionary function" exception to the Federal Torts Claims Act). After examining the pleadings, the district court granted the government's motion to dismiss, concluding that the acts alleged to be negligent were discretionary functions and were thus not subject to suit under the Federal Torts Claims Act. The appellants amended their complaint to delete the clause "enacted certain 'control structures' and 'access road' to same" and replaced it with "negligently designed and negligently constructed a road and drain in the area of same." The district court dismissed the amended complaint for the reasons cited in the original dismissal.

We need not decide whether the district court was correct in determining that the United States has not consented to be sued for the types of acts alleged in this

---

* The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri, sitting by designation.

case; we are convinced that 33 U.S.C. § 702c precludes liability in any event. That section, a part of the Flood Control Act of 1928, provides: "No liability of any kind shall attach to or rest upon the United States for any damage from or by floods or flood waters at any place * * *." We have previously noted the breadth of this immunity and its importance in the statutory scheme:

> [W]hen Congress entered upon flood control on the great scale contemplated by the [Flood Control] Acts it safeguarded the United States against liability of any kind for damage from or by floods or flood waters in the broadest and most emphatic language. * * *
>
>    *    *    *    *    *    *
>
> Undoubtedly that absolute freedom of the government from liability for flood damages is and has been a factor of the greatest importance in the extent to which Congress has been and is willing to make appropriations for flood control and to engage in costly undertakings to reduce flood damages.

*National Mfg. Co. v. United States*, 210 F.2d 263, 270–271 (8th Cir.), *cert. denied*, 347 U.S. 967, 74 S.Ct. 778, 98 L.Ed. 1108 (1954), *quoted in Taylor v. United States*, 590 F.2d 263, 265–266 (8th Cir. 1979).

Despite the appellants' assertions to the contrary in their brief, there can be no serious question that the alleged negligent acts of the Army Corps of Engineers were committed in connection with a federal flood control project. We have no doubt that the design, construction and maintenance of the access road should be considered to be part of the flood control project. The complaint, even as amended, refers to drainage districts, a floodway and a pumping station that are clearly part of federal flood control efforts.[1]

The appellants assert, however, that even if a flood control project was involved, damage in this case was not due to "floods or flood waters" within the contemplation of 33 U.S.C. § 702c. At oral argument, counsel for appellants stated that their theory of liability, in nonlegal terms, was that the Army Corps of Engineers built an access road with inadequately sized culverts, that these culverts became clogged with trees and other debris, that the Corps failed to clean the debris from the culverts, and that the debris blocked ordinary drainage, causing water to back-up over plaintiffs' land. The appellants argue that section 702c should not apply in this situation because the back up was a "man-made flood" caused solely by the negligence of the government, and not by "unusual or extraordinary climatic conditions."

█ This Court has previously rejected the approach, taken by some courts, that denies immunity to the government when damage is caused solely by governmental negligence in the absence of a natural disaster. *Lunsford v. United States*, 570 F.2d 221, 228 n.13 (8th Cir. 1977); *see Florida East Coast Ry. v. United States*, 519 F.2d 1184, 1191 (5th Cir. 1975); *Parks v. United States*, 370 F.2d 92, 93 (2d Cir. 1966); *Stover v. United States*, 332 F.2d 204, 206 (9th Cir.), *cert. denied*, 379 U.S. 922, 85 S.Ct. 276, 13 L.Ed.2d 335 (1964). We remain firm in our belief that this is the proper rule. When Congress enacted the broad-based immunity of section 702c, it could not have intended that the government be required to prove, in each and every case, that the damage was caused by "natural" rather than "man-made" flooding. We see no significance in the fact that the flooding in this case may not have been caused by "unusual or extraordinary climatic conditions." Nor are we persuaded that the result should be different if the damage has been caused by "back waters," *see Taylor v. United States, supra*, 590 F.2d at 267, or by negligent maintenance and operation of a project (rather than by negligent design or construction). *See Parks v. United States, supra*, 370 F.2d at 93; *Stover v. United States, supra*, 332 F.2d at 206.

---

1. Because the complaint shows that a flood control project is involved in this case, we need not determine whether 33 U.S.C. § 702c is applicable outside of the flood control context.

The appellants vigorously maintain that the government bears the burden of proving the affirmative defense of immunity and, therefore, dismissal on the pleadings is improper. Although it may be unusual to uphold an affirmative defense at the pleading stage, when the defense is established on the face of the complaint, dismissal is appropriate.

Judgment affirmed.