**Arthur SIECK, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 87–18–W–S.**

United States District Court, S.D. Iowa, W.D.

Nov. 2, 1989.

Scott H. Peters, The Peters Law Firm, Council Bluffs, Iowa, for plaintiff.

Christopher Hagen, U.S. Atty., S.D. Iowa, and John E. Beamer, Asst. U.S. Atty., for defendant.

## RULING AND ORDER

STUART, District Judge.

Defendant's Motion to Dismiss, or in the alternative, Motion for Summary Judgment came on for hearing November 1, 1989. Appearances are noted in the Clerk's Minutes for that date. After having read the filings related to said motions, reviewed the file and heard statements of counsel, the Court has determined that the defendant's motion for summary judgment should be granted.

Plaintiff seeks to recover damages for crops alleged to have been lost as a result of the negligent design and construction of a levee along the Missouri river. Plaintiff states his position as follows:

Plaintiff does not claim damages from flood waters, nor from the entrapment of rainfall during flood stage of the river, nor from any flooding or backup caused by the levee. Rather, plaintiff's damages were caused because rainfall was prevented from naturally and timely draining from plaintiff's land due to the negligent design and construction of the drainage structure as admitted by the defendant.

Defendant's motions are based on 33 U.S.C. § 702c which, in its pertinent part provides that: "[n]o liability of any kind shall attach to or rest upon the United States for any damage from or by floods or flood waters at any place."

In *United States v. James,* 478 U.S. 597, 106 S.Ct. 3116, 92 L.Ed.2d 483 (1986), the Supreme Court recognized that the language of the statute granted immunity in sweeping terms stating that "[i]t is difficult to imagine broader language." *Id.* 106 S.Ct. at 3121. It stated that the sweeping language "was no drafting inadvertence" concluding that:

Congress clearly sought to ensure beyond doubt that sovereign immunity would protect the government from "any" liability associated with flood control. As the Court of Appeals for the Eighth Circuit explained three decades ago in *National Mfg.* [*Co. v. U.S.,* 210 F.2d 263 (8th Cir.1954)] § 702c's language "safe guarded the United States against liability of any kind for damage from or by floods or flood waters in the broadest and most emphatic language." 210 F.2d, at 270. The equally broad and emphatic language found in the legislative history shows that Congress understood what it was saying. We therefore conclude that the legislative history fully supports attributing to the unambiguous words of the statute their ordinary meaning.

In *James* the Supreme Court held that the Federal Government was immune from suit for personal injury and death by recreational users of a flood control reservoir who were swept through the retaining structures when those structures were opened to release waters in order to control flooding.

The Eighth Circuit Court of Appeals has also recognized the great breadth of the immunity. *E. Ritter & Co. v. Dept. of Army Corp. of Eng.,* 874 F.2d 1236, 1239 (8th Cir.1989); *Portis v. Folk Const. Co., Inc.,* 694 F.2d 520, 522 (8th Cir.1982); *Burlison v. United States,* 627 F.2d 119, 121 (8th Cir.1980); *National Mfg. Co. v. U.S.,* 210 F.2d 263, 270 (8th Cir.1954).

In *Ritter,* the Eighth Circuit did not extend the immunity "to include normal rainfall which has not yet come in contact with a flood control project." That action was founded on increased erosion on plaintiff's land caused by the failure to properly maintain the bank of a flood control ditch. This case is factually distinguishable. Here the damage is allegedly caused by a levee which interfered with the drainage of rainfall from plaintiff's land.

There may be a factual disputes as to whether the rainfall was normal or excessive and whether the ponding was the result of rainfall or flooding or both, but the immunity applies in any event because the ponding was caused by the flood control levee. *See: Burlison,* 627 F.2d at 121.

The defendant points out that it has not yet raised the discretionary function exception in the Federal Tort Claims Act set forth in 28 U.S.C. § 2680(a). *Ritter* recognizes that "the design and construction of

the ROD are governmental actions which fall within the perimeter of the discretionary function exception and are not actionable." 874 F.2d at 1241 and 1242. Even if the immunity granted by 33 U.S.C. § 702c did not apply to this cause of action, the plaintiff would still be confronted with the discretionary function exception. However, the Court holds that the broad immunity granted the government in 33 U.S.C. § 702c applies to this cause of action and that the defendant's Motion for Summary Judgment should be and it is granted.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that plaintiff's cause of action is dismissed at plaintiff's costs.