Rosemarie MONDELLI

v.

UNITED STATES of America,
Appellant.

No. 82–5545.

United States Court of Appeals,
Third Circuit.

Argued April 25, 1983.

Decided July 15, 1983.

J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., W. Hunt Dumont, U.S. Atty., Newark, N.J., Susan P. Engelman (argued), Jeffrey Axelrad, Dept. of Justice, Washington, D.C., for appellant.

Kreindler & Kreindler, New York City, for appellee; Steven J. Phillips (argued), Donald I. Marlin, Michael D. Young, Diane M. Paolicelli, New York City, of counsel.

Before ADAMS and HIGGINBOTHAM, Circuit Judges, and STAPLETON, District Judge.*

## OPINION OF THE COURT

ADAMS, Circuit Judge.

Rosemarie Mondelli brought this action for damages under both the Federal Tort Claims Act [1] and the Constitution for genetic injuries caused by her father's exposure to radiation while he was on active duty in the United States Army. The district court denied the motion of the United States to dismiss the statutory claim for lack of subject-matter jurisdiction, holding that the statute waived the sovereign immunity of the

---

\* Hon. Walter K. Stapleton, United States District Court for the District of Delaware, sitting by designation.

1. The Federal Tort Claims Act [FTCA] provides that the district courts shall have exclusive jurisdiction over:

> civil actions on claims against the United States, for money damages, ... for injury or loss of property, or personal injury or death

caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b) (1976).

United States to this claim. The district court then determined, pursuant to 28 U.S.C. § 1292(b) (1976), that the question of the applicability of the FTCA claim presented "a controlling question of law as to which there is substantial ground for difference of opinion," and that an interlocutory appeal on that issue would "materially advance the ultimate termination of the litigation." *Id.* This Court then granted the request for interlocutory review.

Although we acknowledge the result to be a harsh one, we conclude that this portion of Mondelli's suit is barred by the doctrine of *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). Accordingly, we will reverse the order of the district court and remand for proceedings consistent with this opinion, including disposition of Mondelli's constitutional claims.

### I.

Rosemarie Mondelli is a 22 year-old civilian, born with retinal blastoma, a genetically transmitted cancer of the retina. In 1953 Rosemarie's father, Daniel Mondelli, participated in the test of a nuclear device while on active military duty. The complaint, whose allegations we accept as true for the purposes of this appeal, recites that Daniel Mondelli was ordered by his commanding officers to stand near the site of a nuclear explosion and to march toward the blast area, without the benefit of protective clothing. Daniel Mondelli is alleged to have been exposed at that time to massive doses of radiation. Rosemarie's injuries are said to derive from this exposure. In August of 1962, Rosemarie lost the use of her left eye.

Although the FTCA waives the immunity of the United States for the torts of its agents,[2] the Supreme Court has held that "the Government is not liable under the

Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." *Feres v. United States,* 340 U.S. 135, 146, 71 S.Ct. 153, 159, 95 L.Ed. 152 (1950). The injury to Daniel Mondelli was concededly incurred incident to military service. Consequently, *Feres* would bar any tort claim aginst the United States by Daniel. *See Jaffee v. United States,* 663 F.2d 1226, 1231–33 (3d Cir.1981) (en banc), *cert. denied,* 456 U.S. 972, 102 S.Ct. 2234, 72 L.Ed.2d 845 (1982). Although the *Feres* doctrine has been the subject of searching examination in the academic community[3] and by the judiciary,[4] the Supreme Court has only recently reaffirmed its vitality. *See Chappell v. Wallace,* —— U.S. ——, ————————, 103 S.Ct. 2362, 2364–66, 76 L.Ed.2d 586 (1983); *Stencel Aero Engineering Corp. v. United States,* 431 U.S. 666, 671–73, 97 S.Ct. 2054, 2057–59, 52 L.Ed.2d 665 (1977). The question presented, therefore, is whether Rosemarie Mondelli can maintain an action under the FTCA against the United States for injuries that derive from her father's exposure to radiation, when her father himself would be barred by *Feres* from raising a claim for his own injuries.

### II.

The Supreme Court in *Feres* articulated a number of rationales for insulating the United States from liability for the decisions of its military officers. *See Feres, supra,* 340 U.S. at 141–45, 71 S.Ct. at 157–59. The soundest of these grounds, and the only ground that is of relevance to this action, is the "peculiar and special relationship of the soldier to his superiors" in military service. *United States v. Brown,* 348 U.S. 110, 112, 75 S.Ct. 141, 145, 99 L.Ed. 139

---

**2.** A variety of exceptions to the FTCA insulates the United States from liability in narrow classes of cases. *See* 28 U.S.C. § 2680 (1976). None of these exceptions is here relevant.

**3.** See Note, *Tort Remedies for Servicemen Injured by Military Equipment: A Case for Federal Common Law,* 55 N.Y.U.L.Rev. 601, 629–35, & n. 173 (1980); Note, *From* Feres *to* Stencel: *Should Military Personnel Have Access to*

*FTCA Recovery?,* 77 Mich.L.Rev. 1099, 1102–21 (1979).

**4.** *See Monaco v. United States,* 661 F.2d 129, 132 (9th Cir.1981); *Hunt v. United States,* 636 F.2d 580, 587–89 (D.C.Cir.1980); *Parker v. United States,* 611 F.2d 1007, 1010–11 (5th Cir. 1980).

(1954).[5] As the Court reaffirmed only recently:

> The inescapable demands of military discipline and obedience to orders cannot be taught on battlefields; the habit of immediate compliance with military procedures and orders must be virtually reflex with no time for debate or reflection.... Civilian courts must, at the very least, hesitate long before entertaining a suit which asks the court to tamper with the established relationship between enlisted military personnel and their superior officers; that relationship is at the heart of the necessarily unique structure of the military establishment.

*Chappell v. Wallace, supra,* —— U.S. at ——, ——, 103 S.Ct. at 2364–66.

In many circumstances an action by a relative or dependent would raise the same issues, and require the same scrutiny of military decisions, as would an action by a soldier or sailor against the United States. The Supreme Court addressed a similar situation in *Stencel Aero Engineering Corp. v. United States,* 431 U.S. 666, 97 S.Ct. 2054, 52 L.Ed.2d 665 (1977). There it held that the rationale of *Feres* prohibits a third-party indemnity action against the United States:

> [I]t seems quite clear that where the case concerns an injury sustained by a soldier while on duty, the effect of the action upon military discipline is identical whether the suit is brought by the soldier directly or by a third party. The litigation would take virtually the identical form in either case, and at issue would be the degree of fault, if any, on the part of the Government's agents and the effect upon the serviceman's safety. The trial would, in either case, involve second-guessing military orders, and would often require members of the Armed Services to testify in court as to each other's decisions and actions.

431 U.S. at 673, 97 S.Ct. at 2059.

An action for damages by Rosemarie Mondelli would raise the same issues, and take the same form, as an action by her father Daniel. The complaint avers that Rosemarie's injuries derive from her father's exposure to radiation. At trial, Rosemarie would be required to contest the prudence of exposing her father to radiation. This examination is foreclosed by *Feres.*[6]

We sense the injustice to Rosemarie Mondelli of this result. Rarely does the law visit upon a child the consequences of actions attributed to the parents. *Cf. Trimble v. Gordon,* 430 U.S. 762, 769, 97 S.Ct. 1459, 1464, 52 L.Ed.2d 31 (1977); *Weber v. Aetna Casualty & Surety Co.,* 406 U.S. 164, 175, 92

---

**5.** The Court has attributed three rationales to the *Feres* doctrine: (1) the "distinctively federal" character of the relationship between the government and its armed forces, (2) the availability of benefits under the Veterans Benefits Act; and (3) the necessity for maintaining discipline in the military services. *See Stencel Aero Engineering Corp.,* 431 U.S. 666, 671–72, 97 S.Ct. 2054, 2057–58, 52 L.Ed.2d 665 (1977). This court has found only the latter two grounds persuasive, however, *see Valn v. United States,* 708 F.2d 116, at 119 & n. 4 (3d Cir.1983), citing *Jaffee v. United States,* 663 F.2d 1226, 1233 n. 7 (3d Cir.1981) (*in banc*), *cert. denied,* 456 U.S. 972, 102 S.Ct. 2234, 72 L.Ed.2d 845 (1982). The Supreme Court and the courts of appeals are agreed that *Feres* is best explained by the necessity for preserving military discipline. *See Chappell v. Wallace, supra,* —— U.S. at ——, 103 S.Ct. at 2364; *United States v. Muniz,* 374 U.S. 150, 162, 83 S.Ct. 1850, 1857, 10

L.Ed.2d 805 (1963); *Scales v. United States,* 685 F.2d 970, 973 (5th Cir.1982); *Hunt v. United States,* 636 F.2d 580, 599 (D.C.Cir.1980). In any event, Rosemarie Mondelli is not herself a veteran, and the United States conceded during oral argument that veterans' benefits are not available to her. The necessity to preserve military discipline is, therefore, the only rationale that would appear to be applicable to this case.

**6.** *See Lombard v. United States,* 690 F.2d 215, 223–27 (D.C.Cir.1982); *Scales v. United States,* 685 F.2d 970, 974 (5th Cir.1982); *Laswell v. Brown,* 683 F.2d 261, 264–67 (8th Cir.1982); *Monaco v. United States,* 661 F.2d 129, 133–34 (9th Cir.1981); *Seveney v. United States,* 550 F.Supp. 653, 660 (D.R.I.1982); *In re "Agent Orange" Product Litigation,* 506 F.Supp. 762, 780–81 (E.D.N.Y.1980).

S.Ct. 1400, 1406, 31 L.Ed.2d 768 (1972). Nevertheless, the Supreme Court has construed the FTCA to subordinate the interests of children of service personnel to the exigencies of military discipline. Although these are delicate policy judgments, they are in the final analysis committed to Congress. Consequently, we conclude, with reluctance, that the claims of Rosemarie Mondelli are barred.

### III.

The order of the district court entered on July 19, 1982, will be reversed and the case remanded for proceedings consistent with this opinion.