715 F.2d 96
 HINKIE, Howard E., Sr.; Hinkie, Irene; Hinkie, Paul a
minor by his parents and natural guardians Howard E. and
Irene Hinkie; Hinkie, Howard E., Sr., Administrator of the
Estate of Timothy Hinkie, deceased, on behalf of all others
similarly situated,
v.
UNITED STATES of America, U.S. Department of Energy, U.S.
Department of Defense, Department of the Army, Veterans
Administration, Jimmy Carter, President, James R.
Schlesinger, Secretary of Energy, Max Cleland, Administrator
of the Veterans Administration, Dr. James Livermore, Deputy
Assistant Secretary of Energy, Dr. Clarence Lushbaugh,
Administrator, Medical Division, Oak Ridge Associated
Universities, Glenn T. Seaborg, former Head, Atomic Energy
Commission, Robert A. Lovett, former Secretary of Defense,
Brigadier General William C. Bullock, U.S. Army, Commander
of Camp Desert Rock, and certain other past and present
officers of the U.S. Department of Energy, U.S. Department
of Defense, Department of the Army, the former Atomic Energy
Commission, and the Veterans Administration who will be
named as defendants when ascertained, individually and in
their official capacities.
Reynolds Electrical and Engineering Co., Inc.; EG & G Inc.;
Holmes & Narver Inc.; United States Filter Corp.;
Rockwell International Corp.; Victoreen Instrument Co.,
Inc.; Sheller-Globe Corp.; Beckman Instruments Inc.
Appeal of UNITED STATES of America.
 No. 82-1554.
 United States Court of Appeals,
Third Circuit.
 Argued June 14, 1983.
Decided Aug. 18, 1983.
 
 J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., Peter F. Vaira, Jr., U.S. Atty., Philadelphia, Pa., Susan P. Engelman (argued), Jeffrey Axelrad, Civ. Div., Dept. of Justice, Washington, D.C., for appellant.
 Paul N. Minkoff (argued), Klovsky, Kuby & Harris, Philadelphia, Pa., for appellees.
 Before HUNTER and HIGGINBOTHAM, Circuit Judges and ZEIGLER, District Judge*.
 OPINION OF THE COURT
 A. LEON HIGGINBOTHAM, Jr., Circuit Judge.
 
 
 1
 We are forced once again to decide a case where "we sense the injustice ... of [the] result"[1] but where nevertheless we have no legal authority, as an intermediate appellate court, to decide the case differently.
 
 
 2
 Plaintiffs-appellees, Irene Hinkie, wife of Howard Hinkie, her son Paul, and the estate of her deceased son Timothy, brought this action against the United States and Reynolds Electrical and Engineering Company. The gravamen of plaintiffs-appellees' complaint is that Irene's miscarriages, Paul's birth defects, and Timothy's birth defects and death were caused by the exposure of Howard Hinkie to radiation during active duty in the United States Army almost thirty years ago. The complaint avers that any injuries suffered by plaintiffs were incident to Howard Hinkie's military service, and that his alleged exposure to radioactive materials occurred while he was on active duty in the Army. Plaintiffs-appellees have alleged that the Federal Tort Claims Act, 28 U.S.C. § 2671-80, et seq, and 28 U.S.C. § 1346(b) and 28 U.S.C. § 1331(a) provide the jurisdictional basis for their claims against the defendant-appellant United States of America.
 
 
 3
 Before the district court, the defendant-appellant United States moved for the dismissal of the action on the grounds that the court lacked jurisdiction over the subject matter of the action and that pursuant to the doctrine announced in Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), the complaint fails to state a claim upon which relief can be granted.
 
 
 4
 In a most thoughtful opinion, Judge Norma L. Shapiro, denied the government's motion to dismiss. Hinkie v. United States, 524 F.Supp. 277 (E.D.Pa.1981). The United States moved for reconsideration and vacation of that denial, or, alternatively, for certification of the issue for interlocutory appeal. Thereafter, the District Court, certified its order of denial for interlocutory appeal under 28 U.S.C. § 1292(b).[2] Defendant-appellant petitioned this Court for permission to take an interlocutory appeal and by Order dated August 31, 1982, that petition was granted.
 
 I.
 
 5
 It is undisputed that Howard Hinkie's recovery, for injuries due to exposure to radioactive material while he was on active duty in the United States Army some thirty years ago, is barred under Feres v. United States. See Jaffee v. United States, 663 F.2d 1226, 1232 (3d Cir.1981) (en banc); cert. denied, 456 U.S. 972, 102 S.Ct. 2234, 72 L.Ed.2d 845 (1982). Irene, Paul and the estate of Timothy sue for injuries incident to chromosonal damage suffered by Howard Hinkie while he was in military service. Irene alleges injuries in the form of miscarriages, Paul in the form of birth defects and the estate of Timothy in the form of birth defects that led to his death. We find that these claims are also barred under the Feres doctrine and our most recent decision in Mondelli v. United States, 711 F.2d 567 (3d Cir.1983).
 
 
 6
 The Feres doctrine, in addition to barring injuries suffered by military personnel incident to active duty military service, extends to service-related suits when the injury to a civilian has its genesis in the actionable injury suffered by the military personnel incident to military service. Mondelli barred recovery under the FTCA to a daughter who suffered genetic injuries due to her father's participation in the test of a nuclear device while on active military duty.
 
 
 7
 Although the result is admittedly harsh,[3] we conclude that the facts of Hinkie are not legally distinguishable from Mondelli, and we therefore must reverse the decision of the district court.
 
 As was noted in Mondelli:
 
 8
 Rarely does the law visit upon a child the consequences of actions attributed to the parents. Cf. Trimble v. Gordon, 430 U.S. 762, 769, 97 S.Ct. 1459, 1464, 52 L.Ed.2d 31 (1977); Weber v. Aetna Casualty & Surety Co., 406 U.S. 164, 175, 92 S.Ct. 1400, 1406, 31 L.Ed.2d 768 (1972). Nevertheless, the Supreme Court has construed the FTCA to subordinate the interests of children of service personnel to the exigencies of military discipline. Although these are delicate policy judgments, they are in the final analysis committed to Congress. Consequently, we conclude, with reluctance, that the claims of [the child] are barred.
 
 
 9
 At ----.
 
 
 10
 Just as it seemed unfair in Mondelli to deny the child the right to recover, it seems equally unfair to "visit upon" the spouse without recompense for the incidental consequences of actions attributable to her husband's military service.
 
 
 11
 Because the controlling precedent forecloses any other option, the order of the district court will be reversed and the case remanded for proceedings consistent with this opinion.
 
 
 
 *
 Honorable Donald E. Zeigler, United States District Judge for the Western District of Pennsylvania, sitting by designation
 
 
 [1]
 Mondelli v. United States, 711 F.2d 567 at 569 (3d Cir.1983)
 
 
 [2]
 The question certified to this court for interlocutory appeal is:
 Does the Feres doctrine bar suit against the United States for a mother's miscarriages and birth defects and death of children if the injuries were caused by the Army's negligent exposure of their husband and father to harmful levels of radiation in the course of his former military service?
 Appendix, p. 84
 
 
 [3]
 Almost two years ago we held that a serviceman, Stanley Jaffee, and his wife had no cause of action under the Federal Torts Claims Act despite the fact that in 1953,
 he and other active soldiers at Camp Desert Rock in the State of Nevada were ordered by their commanding officers to stand in a field without benefit of any protection against radiation while a nuclear device was exploded a short distance away. Even though the defendants allegedly knew they were exposing Jaffee and the other soldiers to grave risk of injury and death, they 'knowingly, deliberately and recklessly disregarded this knowledge by compelling Jaffee and the other soldiers to participate in the test.' [citation omitted] As a result of this exposure to radiation, Jaffee developed inoperable cancer in November of 1977.
 Jaffee v. United States, 663 F.2d at 1229.
 Judge Gibbons wrote an eloquent and forceful dissent in which he stated:
 These allegations charge a violation of human rights on a massive scale. The plaintiffs seek to prove, and we must at this stage assume that they can, that civilian and military officials of the government, acting without legal authority and with no sufficient legitimate military or other purpose, conducted a human experiment upon soldiers subject to their control, without their knowledge, permission or consent, by exposing them to radiation which those officials knew to be dangerous
 * * *
 Indeed the complaint alleges conduct which would violate the Universal Declaration of Human Rights, the International Covenant on Civil and Political Rights, the Geneva Convention, the Declaration on the Protection of all Persons from Being Subjected to Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, and the Nuremberg Code. The international consensus against involuntary human experimentation is clear. A fortiori the conduct charged, if it occurred, was in violation of the Constitution and laws of the United States and of the state where it occurred or where its effects were felt.
 Jaffee, 663 F.2d at 1248-50; (footnotes omitted).
 Partially in response to the dissent, the majority stated:
 We are also aware of what some might call a harsh result in our holding. We are not suggesting that individuals in plaintiffs' position should never receive any additional compensation from either the federal government or from private defendants which would supplement their present rights under the Veterans' Benefits Act. Any decision on whether claims of the plaintiffs should be converted to a cause of action, however, should be reserved for Congress to make in these special circumstances. It is that body which must weigh the competing priorities and policy judgments to determine whether a cause of action should be created.
 Jaffee, 663 F.2d at 1228.
 In the two year interim after the opinion in Jaffee, there has still been no Congressional resolution of this vexing problem.