## COSTLEY et al. v. UNITED STATES.
### No. 13015.

United States Court of Appeals
Fifth Circuit.

May 5, 1950.

Guy P. Allison, San Antonio, Texas, Egbert Schweppe, San Antonio, Texas, C. F. Schweppe, San Antonio, Texas, for appellants.

Joel W. Westbrook, Asst. U. S. Attorney, San Antonio, Texas, H. W. Moursund, U. S. Attorney, San Antonio, Texas, for appellee.

Before HOLMES, WALLER, and BORAH, Circuit Judges.

HOLMES, Circuit Judge.

This is an appeal from the dismissal of a suit brought by the plaintiffs under the Fed-

eral Tort Claims Act[1] for negligence of the employees of an army hospital in administering a harmful substance, instead of the prescribed spinal anaesthetic, to a master sergeant's wife who had been admitted to the maternity section of the hospital.

John L. Costley, one of the appellants, was a master sergeant in the United States Army Air Force. Marie C. Costley, his dependent wife and also an appellant, was admitted to the maternity section of Brooke General Hospital, an army hospital, on November 5, 1947, to be delivered of a child. The child, John L. Costley, Jr., a minor for whom this action was also brought, was born on November 6, 1947. At the time of her admission to the hospital, Mrs. Costley was a strong and healthy woman. As an incident to delivering the child, employees of the United States prepared and injected into Mrs. Costley's body a drug that was intended to be a spinal anaesthetic but, in fact, was a very harmful substance which caused the flesh in the area of her body where it was injected to decompose and sluff off, resulting in her permanent paralysis from the waist down, to the extent that she has no feeling in her legs, has no control of her bladder or bowels, and requires constant care and attention.

The defendants moved to dismiss the complaint on the ground that it did not state a cause of action because the defendant owed no duty to provide Mrs. Costley with medical attention and service, and that the employees complained of were exercising, performing, or failing to exercise or perform, a discretionary function invested in them by law and regulations; and, therefore, the court was without jurisdiction. The lower court sustained the motion and dismissed the action. The court must determine on this appeal whether the employees were under a duty to use due skill and reasonable care in attending Mrs. Costley after having admitted her to the hospital under an army regulation authorizing her admission, or whether they were performing such a discretionary duty or function under the Federal Tort Claims Act as to preclude a recovery of damages for wrongful and negligent treatment.

Under the Tort Claims Act, the United States may be liable for money damages for injury or loss of property, or personal injury or death, caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. In the present case, the government urges that it is exempt from liability by virtue of Section 2680(a) of Title 28 United States Code Annotated, which provides the following exemption: "(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." In order to determine whether or not the government comes within the exemption set out above, we must decide whether or not it was exercising a discretionary function or duty when its employees negligently injected a harmful substance into Mrs. Costley's body. We think they were not exercising a discretionary function, because they had already exercised their discretion by admitting her into the hospital, and once having admitted her and undertaken the delivery of her child, they were under a duty to attend and treat her.

Mrs. Costley was admitted to the hospital under the provisions of Army Regulations No. 40-590, which in part provides as follows:

"6. Persons who may be admitted to Army hospitals.—When suitable facilities for hospitalization are available, sick and injured persons enumerated below may be admitted to Army hospitals.

---

1. 28 U.S.C.A. §§ 1346, 2671–2680.

"L. Wives, or dependent husbands, and dependent children of the following Army personnel, and other dependent members of their families (when such other dependent members reside in the home of such Army personnel and are not legally dependent upon an individual not in the military service), requiring hospital treatment or isolation and when accommodations for their care are available:

(1) Officers (male and female).

(2) Warrant officers.

(3) Flight officers.

(4) Aviation cadets.

(5) Enlisted men and women."

With facilities available for her care, Mrs. Costley was admitted to the hospital pursuant to the above regulation. Having decided that there were facilities available, and having admitted her for treatment, the hospital authorities no longer had any discretion to exercise with regard to whether she was to receive careful or negligent treatment.[2] A duty arose at this point to treat her with the same care, skill, diligence, and ability, that would be owing by a private person or corporation under the same or similar circumstances.

In Army Regulations No. 40-505, which pertains to medical attendance, it is provided:

"2. For whom authorized.—Under the conditions indicated herein the Army, usually through its own facilities, will provide medical attendance to the personnel enumerated in a, b, and c below.

"a. General.—Any person admitted to an Army hospital under the provisions of AR 40-590 or 40-600, while undergoing treatment in such hospital.

"b. Military.

(1) Officers, Army nurses, Women's Army Corps, other militarized female personnel of the Army, contract surgeons (full time), warrant officers, flight officers, cadets and enlisted men, while in active Federal service, general prisoners, and prisoners of war.

"(2) Persons who are on the retired list of the Regular Army and who report in person at any Army dispensary or hospital, provided sufficient accommodations are available for their treatment. Medical officers and contract surgeons will not be required to leave their stations to attend those on the retired list.

"(3) Members of the National Guard not in Federal service while in attendance at a Federal training camp, and under certain other conditions as prescribed under appropriate headings in National Guard Regulations.

"(4) Members of the Officers' Reserve Corps and of the Enlisted Reserve Corps as provided in (1) above.

"c. Civilian.

"(1) ................................

"(2) ................................

"(3) Whenever practicable, the wife, dependent children, and servants of persons enumerated in b(1) above; also other dependent members of the family when residing with such persons provided they are not legally dependent upon an individual not in the military service."

It should be noted that the authorization to treat Mrs. Costley under Section 2a of Army Regulations No. 40-505 was not qualified by the language "whenever practicable," as counsel for the government would seem to contend by the way he quotes and sets the regulation out in his brief. On the contrary, the language "whenever practicable," as used in Section 2c(3) of Army Regulations No. 40-505, applies to the medical attendance of dependents other than those covered by the provisions of Section 2a, namely, those who have not been admitted to a hospital but who will receive medical attention only if it is practicable.

For many years, the medical care afforded dependents of officers and enlisted men of the army has been recognized as a valuable prerogative incident to their service. No doubt this has influenced many officers and enlisted men to make a career

2. 10 U.S.C.A. § 96.

726

of army service. There is no question but that the President, or the Secretary of War by his discretion, may provide by proper regulations for medical treatment and hospital facilities for dependents of members of the armed forces, either as an economic expedient or as part of the pay of the members of such forces, provided Congress makes available the necessary funds. When Mrs. Costley became eligible under the provisions of these applicable army regulations for admission to this hospital to be delivered of a child, and was admitted for such purpose, she was entitled as a patient to be treated with due and reasonable care, skill, diligence, and ability; and for a failure of its employees to exercise the same, the government is liable in damages for such injuries as were suffered by the appellant, to the same extent that a private person or corporation would be under the law of the state where the wrong and injury were committed.

The government relies on a decision of this court in Denny v. United States, 5 Cir., 171 F.2d 365, to support its position that the obligation of the government to provide medical service to army dependents is discretionary in character. In that case, Mrs. Denny had not been admitted to an army hospital; and for that reason she was entitled to medical attendance only when it was practicable. There was no liability on the government because hospital or ambulance facilities were not available or medical attendance was not practicable, and for this reason the Denny case clearly came within Section 2c(3) of Army Regulations No. 40-505. In the present case, as we have seen, Mrs. Costley had been admitted to the hospital under Army Regulations No. 40-590, the proper hospital authorities having determined that facilities were available. Therefore, she was authorized and entitled to receive medical attention under the provisions of Section 2a of Army Regulations No. 40-505, and the government is liable for the negligent acts or conduct of its employees in administering such authorized medical attention.

Reversed and remanded.