**Margaret OLSON, et al., Plaintiffs,**

v.

**The REPUBLIC OF SINGAPORE, et al., Defendants.**

Civ. A. No. 85–3355.

United States District Court, District of Columbia.

June 23, 1986.

Janice E. Cooper, Washington, D.C., for plaintiffs Margaret and Charles Olson.

Christopher G. Hoge, Washington, D.C., for defendants Republic of Singapore and Embassy of Singapore.

Bruce D. White, Fairfax, Va., for defendant Martha Cederstrom.

## MEMORANDUM

SPORKIN, District Judge.

Plaintiffs have charged defendant, The Republic of Singapore ("Singapore"), with negligence in connection with an accident at defendant's embassy in Washington, D.C. Plaintiffs allege that Singapore caused the reception to be dangerously overcrowded and located adjacent to an open stairwell. Plaintiffs claim that the manner in which Singapore managed the reception resulted in defendant Cederstrom falling down the steps of the stairwell and crash-

---

ing into plaintiff Margaret Olson, causing her injuries.

Presently pending before the Court is defendant's motion to dismiss for lack of jurisdiction over the subject matter. Defendant argues that it is entitled to sovereign immunity pursuant to the Foreign Sovereign Immunities Act (the "FSIA"), 28 U.S.C. § 1605(a)(5)(A). The Court disagrees with the assertion that the FSIA insulates Singapore from claims of negligence in this case.

Under Section 1604 of the FSIA, a foreign sovereignty is entitled to immunity "from the jurisdiction of the courts of the United States," unless the acts complained of fall within a specific exception to immunity. Relevant to this case is section 1605(a)(5), the "non-commercial torts" exception, which specifies that foreign states are not immune from jurisdiction in any case in which money damages are sought "for personal injury or death ... occurring in the United States and caused by the tortious act or omission of that foreign state ...." 28 U.S.C. § 1605(a)(5). However, under Section 1605(a)(5)(A), immunity is restored if the alleged tort "is based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether discretion be abused." 28 U.S.C. § 1605(a)(5)(A).

The discretionary function exception set forth in Section 1605(a)(5)(A) replicates that of the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2680(a). Cases interpreting the scope of FTCA's discretionary function exception provide clear guidance in determining the scope of the "discretionary function" exception of the FSIA. *Olsen by Sheldon v. Government of Mexico*, 729 F.2d 641 (9th Cir.1984). Indeed, the legislative history of the FSIA, in explaining section 1605(a)(5)(A), specifically makes reference to the FTCA.[1] The general rule recognized in "discretionary function" cases under FSIA and FTCA is that acts which are performed at the "planning level" of

government, as opposed to those at the "operational level," are protected by the immunity. *See, e.g., Olsen by Sheldon*, 729 F.2d at 647; *Eastern Air Lines, Inc. v. Union Trust Co.*, 221 F.2d 62 (D.C.Cir.), *aff'd per curiam sub nom. United States v. Union Trust Co.*, 350 U.S. 907, 76 S.Ct. 192, 100 L.Ed. 796 (1955). The nature of the conduct rather than the status of the actor, governs whether the discretionary function exception applies in a given case, and whatever else the exception may include, "it plainly was intended to encompass the discretionary acts of the Government acting in its role as a regulator of the conduct of private individuals." *United States v. Empresa De Viacao Rio Grandense*, 467 U.S. 797, 813–14, 104 S.Ct. 2755, 2765, 81 L.Ed.2d 660 (1984) (FTCA case).

It appears from affidavits submitted by Singapore that its Ambassador to the United States decided to hold the reception at the Singapore Embassy. The Court does not dispute that the Ambassador's decision was part of his discretionary function as Ambassador. If plaintiffs were only challenging the decision of Singapore to hold the reception, the FSIA would compel this Court to dismiss such an action. However, plaintiffs' suit centers on the ministerial or operational aspects of holding the reception such as where refreshment tables should or should not have been placed and the conditions of the floor landing. A careful review of the case law convinces the Court that plaintiffs' suit survives defendant's attack on the ground of sovereign immunity.

For example, in *Olsen by Sheldon, supra,* the Government of Mexico claimed that FSIA shielded it from liability in a wrongful death action brought by children of parents who, as prisoners of the Mexican government, were being transferred for incarceration in the United States pursuant to treaty. The plane transporting the prisoners crashed in California. Plaintiffs alleged that Mexico negligently maintained, directed and piloted the aircraft. In

---

1. H.R.Rep. No. 1487, 94th Cong., 2nd. Sess. 21 (1976), *reprinted in* U.S.Code Cong. & Admin. News 1976, pp. 6604, 6619.

rejecting Mexico's defense that FSIA immunized it from the suit, the Ninth Circuit found that while Mexico's decision to transfer the prisoners "might well be deemed discretionary" under the treaty, Mexico's decision was not involved in the suit where the alleged conduct

> represents measures taken to implement the broader policy or plan to exchange prisoners. The acts or omissions in question involved the transportation of prisoners, an act remote from the policy decision to transfer them. While the pilot and air controllers had considerable discretion in carrying out their assigned tasks ... it is clear they acted on the operational level, far from the centers of policy judgment.[2]

In the context of FTCA, the Fifth Circuit considered the question whether army hospital employees were under a duty to use reasonable care in attending plaintiff after having admitted her to the hospital under an army regulation. In *Costley v. United States*, 181 F.2d 723 (5th Cir.1950), the Fifth Circuit held that once the government decided to admit plaintiff to treatment pursuant to regulation

> the hospital authorities no longer had any discretion to exercise with regard to whether she was to receive careful or negligent treatment. A duty arose at this point to treat her with the same care ... that would be owing by a private person or corporation under the same or similar condition.[3]

Significantly, the United States Court of Appeals for the District of Columbia Circuit relied on *Costley* in ruling that the government can be sued for the alleged negligence of air traffic control operators because the tower operators handled operational details outside the area of discretionary functions. *Eastern Air Lines, Inc. v. Union Trust Co.*, 221 F.2d 62 (D.C.Cir.), *aff'd per curiam sub nom. United States v. Union Trust Co.*, 350 U.S. 907, 76 S.Ct. 192, 100 L.Ed. 796 (1955).

2. *Olsen by Sheldon*, 729 F.2d at 647.

In this case, once Singapore determined to hold a reception at its embassy, it was not shielded from all tort liability if it exposed its guests to dangerous conditions. Such a result would be inconsistent with the purpose of the FSIA in that it would improperly free foreign embassies from the same duties of care owed by private landowners as well as the United States government. *See, e.g., American Exch. Bank of Madison, Wis. v. United States*, 257 F.2d 938 (7th Cir.1958); *McNamara v. United States*, 199 F.Supp. 879 (D.D.C. 1961) (maintenance of a safe condition within Capitol building is not a discretionary function). Accordingly, the Court denies Singapore's motion to dismiss.