856 F.2d 195
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mary E. MARTIN, Personal Representative of the estate of
Michael D. Martin, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 87-1590.
 United States Court of Appeals, Sixth Circuit.
 Sept. 6, 1988.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and THOMAS G. HULL, Chief District Judge.*
 PER CURIAM.
 
 
 1
 Mary E. Martin, the plaintiff-appellant and personal representative of the estate of Michael D. Martin, deceased, appeals from a summary judgment entered against her, and in favor of the United States, in this action filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. Secs. 1346(b), 2671 et seq. (1982). Martin alleges that the deceased's death was caused by negligence on the part of medical personnel at Corry Station Naval Hospital and the Branch Clinics, located in Pensacola, Florida. More specifically, plaintiff alleges that the failure of the government medical personnel at the above-named military health care facilities to properly diagnose and test the deceased's leukemia resulted in his death on September 26, 1983. The deceased, at all times relevant to plaintiff's allegations, was on active duty with the United States Navy.
 
 
 2
 On May 18, 1987, Judge George Woods, sitting in the United States District Court for the Eastern District of Michigan, rendered an opinion from the bench holding that Martin's claims were barred by the Feres doctrine. See Feres v. United States, 340 U.S. 135 (1950). For the following reasons, we affirm the district court's judgment.[1]
 
 I.
 
 3
 The FTCA is a limited waiver of sovereign immunity for certain tort claims brought against the United States. This statutory consent to suit is an exception to the common law. However, there are statutory and judicially created exceptions to this waiver of immunity. In this appeal, we are concerned with the judicially created exception which relates to the United States Armed Services. The statutory exception, however, upon which the judicial exception is based, is found at 28 U.S.C. Sec. 2680. That exception reads as follows:
 
 
 4
 The provisions of this chapter ... shall not apply to--
 
 
 5
 * * *
 
 
 6
 * * *
 
 
 7
 (j) Any claim arising out of the combatant activities of the military or naval forces, or the Coast Guard, during time of war.
 
 
 8
 28 U.S.C. Sec. 2680(j) (1982).
 
 
 9
 The United States Supreme Court expanded upon this statutory limitation in Feres v. United States, 340 U.S. 135 (1950), by holding that the FTCA did not waive the United States's sovereign immunity "for injuries to servicemen where the injuries arise out of or in the course of activity incident to service." Feres, 340 U.S. at 146 (emphasis added). Although courts and commentators have long been critical of the Feres doctrine, it has been reaffirmed and reendorsed by many courts, including a case decided only last term by the United States Supreme Court. See United States v. Johnson, 107 S.Ct. 2063 (1987) (This was a 5-4 decision, however, with Justices Scalia, Brennan, Marshall, and Stevens dissenting and indicating that they might overrule Feres, i.e., "Feres was wrongly decided and heartily deserves the 'widespread, almost universal criticism' it has received." Id. at 2074 (citation omitted).).
 
 
 10
 In examining Martin's claim, the three rationales behind the Feres doctrine are applicable. These three policy reasons were clearly outlined by the Supreme Court in Stencel Aero Engineering Corp. v. United States, 431 U.S. 666 (1977), and were reendorsed last term by Johnson. That decision affirmed the notion that all three rationales are equal in importance, a notion from which some lower courts had wandered. The three rationales are as follows:
 
 
 11
 (1) the relationship between the government and members of its armed forces is distinctively federal in character;
 
 
 12
 (2) the existence of generous statutory benefits provided to servicemen for service related injuries and death; and
 
 
 13
 (3) the possible effects of civil suits on military discipline.
 
 
 14
 Johnson, 107 S.Ct. at 2068-69; Stencel Aero Engineering, 431 U.S. at 671. The Johnson Court also stated:
 
 
 15
 In Feres, this Court held that service members cannot bring tort suits against the Government for injuries that "arise out of or are in the course of activity incident to service." This Court has never deviated from this characterization of the Feres bar. Nor has Congress changed this standard in the close to 40 years since it was articulated.... Instead, the Feres doctrine has been applied consistently to bar all suits on behalf of service members against the Government based upon service-related injuries. We decline to modify the doctrine at this late date.
 
 
 16
 Johnson, 107 S.Ct. at 2066-67 (citations omitted & emphasis added).
 
 
 17
 The Court also went on to discuss, at length, the viability of the "three broad rationales underlying the Feres doctrine." Id. at 2068. Thus, plaintiff's claim that two of the three rationales have been discredited is without merit.
 
 
 18
 In addition, this court in Woodside v. United States, 606 F.2d 134 (6th Cir.1979), cert. denied, 445 U.S. 904 (1980), stated:
 
 
 19
 As a general rule, an injury to an active duty service member on a military base ... or while receiving treatment at a military hospital or medical facility ... is deemed to be incident to military service.
 
 
 20
 Id. at 142 (citations omitted & emphasis added).
 
 
 21
 Most recently, this court in Major v. United States, 835 F.2d 641 (6th Cir.1987) (per curiam), stated:
 
 
 22
 Review of Supreme Court precedents makes it clear that in recent years the Court has embarked on a course dedicated to broadening the Feres doctrine to encompass, at a minimum, all injuries suffered by military personnel that are even remotely related to the individual's status as a member of the military, without regard to the location of the event, the status (military or civilian) of the tortfeasor, or any nexus between the injury-producing event and the essential defense/combat purpose of the military activity from which it arose. Although the doctrine itself as well as its recent expansion have been decried by various courts and commentators, we are bound to observe the Court's clear directive on this issue.
 
 
 23
 Id. at 644-45 (citations omitted & emphasis in original & added). See also Irvin v. United States, 845 F.2d 126 (6th Cir.1988).
 
 
 24
 Indeed, to overrule the district court's decision on this issue, we would truly have to overrule Feres since a case decided as a companion to Feres, United States v. Griggs, involved a claim of wrongful death by a serviceman's executrix because of the alleged negligent and unskillful medical treatment rendered to the serviceman by army surgeons. Such a complaint was quickly disposed of by the Feres decision.
 
 
 25
 Finally, the case primarily relied upon by plaintiff, Atkinson v. United States, 804 F.2d 561, opinion withdrawn, 825 F.2d 202 (9th Cir.1987), cert. denied, 56 U.S.L.W. 3677 (U.S. Apr. 4, 1988), was denied certiorari by the Supreme Court on April 4, 1988. Thus, the Ninth Circuit's holding that the first two Feres rationales support the application of Feres to bar a medical malpractice claim is consistent with the remaining case law from other circuits.
 
 
 26
 Therefore, because at least two Feres rationales, available compensation and a distinctively federal relationship are applicable to this claim, if not "the fear of damaging the military disciplinary structure" rationale, this case is barred by the Feres doctrine. By reaching this result, we remain in line with all other circuits, which are now holding, on the basis of the applicability of either two or all three Feres rationales, that medical malpractice claims, such as this one, are barred. Indeed, although Martin's claim is well-taken, it is made to the wrong tribunal.
 
 
 27
 Therefore, for all of the foregoing reasons, the district court's judgment is hereby AFFIRMED.
 
 
 
 *
 Honorable Thomas G. Hull, United States District Court for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 On appeal, plaintiff has abandoned all arguments except her claim that the Feres doctrine does not bar this action