**Ocie M. WILLIAMS, Plaintiff,**

v.

**UNITED STATES ARMY; and George H. Stinnett, LTC Group Commander; and Edwin C. Nath, CPT Commander, Defendants.**

No. 89–05–CIV–3–H.

United States District Court,
E.D. North Carolina,
Fayetteville Division.

April 6, 1989.

---

Ocie M. Williams, Fayetteville, N.C., pro se.

Margaret P. Currin, U.S. Atty., and Paul Newby, Asst. U.S. Atty., Raleigh, N.C. for defendants.

## ORDER

MALCOLM J. HOWARD, District Judge.

This matter is before the court on the motion of the defendants to consider the remaining issues contained within the defendants' motion to dismiss filed in this action on November 28, 1988. This case and the motion to dismiss was originally filed in the Western District of North Carolina. One of the grounds contained within the motion to dismiss was improper venue. The Honorable James B. McMillan, United States District Judge, without deciding the remaining issues, ruled that venue was improper and ordered the case transferred to the Eastern District of North Carolina, in that the plaintiff is a resident of Fayetteville, North Carolina. The defendants then moved that the remaining issues contained within the motion be decided by this court. All response time having run, this motion is now ripe for ruling.

Plaintiff filed this action on August 23, 1988. In his complaint, plaintiff, a civilian, alleges that his wife, Staff Sergeant Carolyn Rose Lowery, U.S. Army, suffered a miscarriage due to the negligence of the Army and the two individual defendants, Lieutenant Colonel George H. Stinnett, U.S. Army, and Captain Edwin C. Nath, U.S. Army, SSG Lowery's superior officers. Plaintiff alleges that on November 25, 1987, a doctor in the Federal Republic of Germany, where SSG Lowery was stationed, examined SSG Lowery, who was running a substantial fever, and ordered bed rest for her. Plaintiff alleges that the defendant CPT Nath the same day ordered SSG Lowery to see a military doctor at Neu Ulm, West Germany some twenty miles away from her duty station to obtain a second opinion. Defendants do not deny this. SSG Lowery then drove about five miles to her housing area before "giving out." Plaintiff drove her the rest of the way. Plaintiff further alleges that on February 12, 1988, SSG Lowery suffered a miscarriage, which plaintiff attributes to sleepless nights, constant pressure and harassment on the part of the defendants, as well as from the incident on November 25, 1987. Defendant LTC Stinnett's alleged contribution to this was a campaign of harassment directed at SSG Lowery involving a substandard evaluation report and a relief for cause. As a result of this miscarriage, plaintiff prays for damages in the amount of $1,000,000.00 for the loss of the unborn child, $1,000,000.00 for his resulting mental anguish and distress, and $1,000,000 for the resulting loss of love and affection. While the court understands plaintiff's grief over the loss of his unborn child, the court must grant the defendants' motion to dismiss the action for the reasons stated below.

In support of their motion, defendants state several grounds, among which are lack of personal jurisdiction, F.R.Civ.P. 12(b)(2), insufficiency of service of process, F.R.Civ.P. 12(b)(5), the previously discussed improper venue, F.R.Civ.P. 12(b)(3), and failure to state a claim for which relief can be granted, F.R.Civ.P. 12(b)(6). Defendants also argue a lack of subject matter jurisdiction, F.R.Civ.P. 12(b)(1), and it is

this ground upon which the court makes its ruling.

Plaintiff's *pro se* complaint appears to be based on the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* (hereafter FTCA). Plaintiff also makes certain allegations of fourteenth amendment violations, which the court construes to be based instead upon *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), in that the fourteenth amendment is not addressed towards conduct of the United States. Both the FTCA and *Bivens* claims, however, are barred by the decision in *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). *Feres* bars recovery from the United States by any active duty servicemember for any injuries arising out of or incurred in the course of activity incident to service. The decision rests upon three grounds: (1) that the relationship between the servicemember and the armed forces is distinctively federal in character, necessitating a federal remedy that provides a certain, simple and uniform scheme of compensation, making the application of state tort law particularly inappropriate, (2) that the Veteran's Administration Act provides a comprehensive "no-fault" compensation scheme for such injuries, and that allowing tort actions against the United States would run counter to the purposes of the Act, and (3) that because of the distinctive superior/subordinate relationship, allowing servicemembers to bring suit for the negligent orders of their superiors would be prejudicial to good order and discipline. *Feres* was applied to *Bivens* actions in *Chappell v. Wallace*, 462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983) and reaffirmed in *United States v. Stanley*, 483 U.S. 669, 107 S.Ct. 3054, 97 L.Ed.2d 550 (1987). It is under the FTCA, however, that *Feres* most frequently arises.

The Supreme Court recently reaffirmed *Feres* in its entirety. *United States v. Johnson*, 481 U.S. 681, 107 S.Ct. 2063, 95 L.Ed.2d 648 (1987) (interestingly, a case against a *civilian* tortfeasor). Several Courts of Appeal have expressly held that *Feres* bars all actions brought by service-member mothers for alleged negligent treatment rendered to unborn children, since the course of treatment given to the mother and the unborn child are so intertwined as to be impossible to separate. *Scales v. United States*, 685 F.2d 970 (5th Cir.1982), *cert. den.* 460 U.S. 1082, 103 S.Ct. 1772, 76 L.Ed.2d 344 (1983); *Irwin v. United States*, 845 F.2d 126 (6th Cir.1988); *Atkinson v. United States*, 825 F.2d 202 (9th Cir.1987), *cert. den.* —— U.S. ——, 108 S.Ct. 1288, 99 L.Ed.2d 499 (1988); *Del Rio v. United States*, 833 F.2d 282 (11th Cir. 1987). The Supreme Court has also extended the *Feres* doctrine to suits brought by third parties, *Stencel Aero Engineering Corp. v. United States*, 431 U.S. 666, 97 S.Ct. 2054, 52 L.Ed.2d 665 (1977), in which the Court held that *Feres* barred a cross-claim by a third party against the United States, where the plaintiff's claim against the United States was dismissed due to *Feres*. From the *Stencel* decision has developed the concept that certain dependents of servicemembers are also barred under *Feres* from pursuing certain claims. Numerous decisions have held that any dependant claim having its "genesis" in an injury to a servicemember incurred incident to service is likewise barred by *Feres*. This rationale has barred suits on behalf of a dependant spouse or child or unborn child for injuries sustained during the course of the mother's prenatal treatment. *Irwin, supra; Atkinson, supra; Lombard v. United States*, 690 F.2d 215 (D.C.Cir.1982), *cert. den.* 462 U.S. 1118, 103 S.Ct. 3086, 77 L.Ed.2d 1347; *Mondelli v. United States*, 711 F.2d 567 (3rd Cir.1983), *cert. den.* 465 U.S. 1021, 104 S.Ct. 1272, 79 L.Ed.2d 677 (1984); *Monaco v. United States*, 661 F.2d 129 (9th Cir.1981), *cert. den.* 456 U.S. 989, 102 S.Ct. 2269, 73 L.Ed.2d 1284 (1982). Such is the situation in the case at bar. Though the asserted negligence was not committed by doctors, the complaints of the plaintiff all arise from alleged injuries and indignities sustained by the plaintiff's wife, SSG Lowery. Those transgressions against her were also transgressions against the unborn child. In that the plaintiff's claims have their genesis in an al-

leged injury to an active duty servicemember sustained incident to service, they all must fail, barred by the *Feres* doctrine. Therefore, the defendants' motion to dismiss this action for lack of subject matter jurisdiction must be granted.

In summary, the motion of the defendants to dismiss this action pursuant to F.R.Civ.P. 12(b)(1) in that the court lacks jurisdiction over the subject matter is GRANTED. Accordingly, it is ORDERED that this action be DISMISSED.